UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DEAN PHILIP ANDREWS,

        Petitioner,

v.                                                          Case Number 08-10845-BC
                                                            Honorable Thomas L. Ludington

CAROL HOWES,

        Respondent.
_____/

**<u>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTIONS FOR EQUITABLE TOLLING AND SUMMARY JUDGMENT, DISMISSING THE HABEAS PETITION WITH PREJUDICE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

       Petitioner Dean Philip Andrews, presently confined at Florence Crane Correctional Facility in Coldwater, Michigan, has filed a pro se application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of two counts of second-degree criminal sexual conduct and sentenced to imprisonment for five to fifteen years. He alleges that he was convicted on the basis of false evidence, that he was denied the effective assistance of trial counsel, that the prosecutor made improper remarks, and that the trial judge was biased. Respondent has filed a motion to dismiss the habeas petition, asserting that Petitioner's claims are barred from substantive review by the statute of limitations. The Court agrees. Therefore, the habeas petition will be dismissed with prejudice.

I

On August 12, 2002, a circuit court jury in St. Clair County, Michigan found Petitioner guilty of two counts of criminal sexual conduct in the second degree. *See* Mich. Comp. Laws § 750.520c(1)(a) (second contact with a person under thirteen years of age). The trial court sentenced Petitioner to imprisonment for concurrent terms of five to fifteen years for each count. Petitioner filed a claim of appeal, but the Michigan Court of Appeals affirmed his convictions in an unpublished opinion. *See People v. Andrews*, No. 224568 (Mich. Ct. App. Mar. 9, 2004).

Petitioner did not appeal the decision of the Michigan Court of Appeals to the Michigan Supreme Court, and the deadline for doing so expired on May 4, 2004. Petitioner claims that, at approximately the same time as the Michigan Court of Appeals issued its decision, he had an operation to correct a life-threatening condition that paralyzed him from the neck down.

On May 30, 2006, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Andrews*, No. 274365 (Mich. Ct. App. June 18, 2007). On December 28, 2007, the Michigan Supreme Court also denied leave to appeal. *See People v. Andrews*, 480 Mich. 1003 (2007). Petitioner's habeas corpus petition is dated February 14, 2008.

As noted, Respondent claims in its motion to dismiss that the habeas petition that Petitioner did not file his petition within the one-year statute of limitations. Petitioner argues in a motion for equitable tolling and in a motion for summary judgment that the Court should equitably toll the limitations period and immediately release him from custody.

II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

>**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not alleging that a state-created impediment or newly discovered facts prevented him from filing his habeas petition sooner. Nor is he asserting a new constitutional right. Consequently, § 2244(d)(1)(A) is the only relevant subsection.

Petitioner's conviction became final under subsection 2244(d)(1)(A) on May 4, 2004, when the deadline for seeking review in the Michigan Supreme Court expired, and his direct appeal came to an end. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.). The statute of limitations began to run on the following day, and it expired one year later on May 4, 2005. Petitioner filed his habeas petition over two and a half years later. Thus, the habeas petition is untimely, absent tolling.

A

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.'" *Ege v. Yukins*, 485 F.3d 364, 371-72 (2007) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner filed his post-conviction motion for relief from judgment on May 30, 2006. By then, the limitations period had expired. Thus, the motion had no affect on the limitations period. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

B

Petitioner urges the Court to equitably toll the limitations period until August 17, 2005, due, in part, to his operation, hospitalization, and divorce in the early part of 2004. He claims that these circumstances made it impossible for him to pursue an appeal in the Michigan Supreme Court and to pay an attorney to assist him. He also alleges that he was diligent in pursuing his claims once he learned of his right to seek post-conviction relief in state court and that he was unaware of the statute of limitations until he began preparing his habeas petition.

In appropriate circumstances, equitable tolling applies to the one-year limitations period for habeas petition. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, the Court considers and balances the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988),

"unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The Andrews factors are:

(1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151. "These factors . . . are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Even assuming that Petitioner lacked actual knowledge of the filing requirement, ignorance of the law and Petitioner's pro se status are not sufficient grounds to warrant equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Johnson v. United States Postal Service*, 863 F.2d 48, No. 86-2189, 1988 WL 122962, at *2 (6th Cir. Nov. 16, 1988) (unpublished decision citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147 (1984)). Furthermore, Petitioner alleges that he was transferred to his present place of incarceration on May 5, 2005, and that he began to study the law and prepare his post-conviction motion for relief from judgment then. He did not file his post-conviction motion until May 30, 2006, over a year later. Thus, even if the Court were to toll the limitations period until May 5, 2005, when Petitioner became able to pursue post-conviction remedies, his habeas petition is untimely.

It was unreasonable for Petitioner to be unaware of the filing deadline, and he was not diligent in pursuing his claims. The Court need not consider lack of prejudice to the respondent, because Petitioner has failed to demonstrate the existence of other factors that justify tolling. *Allen*, 366 F.3d at 404.

C

Petitioner seeks equitable tolling on the additional ground that he is actually innocent of the crimes for which he was convicted. He maintains that he was falsely accused and subsequently convicted on the basis of perjured testimony.

"[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d at 577, 601 (6th Cir. 2005). However, to prevail on a claim of actual innocence, a habeas petitioner generally has "to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner has not submitted any new evidence demonstrating that he is actually innocent of second-degree criminal sexual conduct. Therefore, he is not entitled to equitable tolling on the basis of his claim of actual innocence.

III

Petitioner's claims are barred from substantive review by the one-year statute of limitations. Accordingly, it is **ORDERED** that Respondent's motion to dismiss is **GRANTED**, and that Petitioner's motions for equitable tolling and for summary judgment are **DENIED**. The habeas

petition is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**, because reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right or whether the Court was correct in ruling that a procedural bar precludes review of the substantive merits of Petitioner's claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner nevertheless may appeal this decision in forma pauperis because he was granted leave to proceed in forma pauperis in this Court. Fed. R. App. P. 24(a)(3).

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: October 1, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 1, 2008.

        s/Tracy A. Jacobs
        TRACY A. JACOBS